Anthony J. Di Giovanna, J.
The plaintiffs and the defendant Grossman have each moved for summary judgment. The complaint seeks foreclosure of a purchase-money mortgage in the principal sum of $7,500 executed on March 23, 1954 by the defendant 1550 Realty Co., Inc. The mortgage contained the following clause: ‘ ‘ The sum of $83.27 commencing on April 23, 1954 and a like sum of $83.27 monthly thereafter on the 23rd day of each and every month until the obligation shall be fully paid, to be applied first toward the payment of interest at the rate of 6% per annum, and the balance in reduction of the principal indebtedness.”
All of the affidavits show a continuous course of default not only in payment of principal and interest installments but in payment of taxes and other charges covered by the mortgage.
The defendant Yetta Grossman was the holder of a second mortgage, who, by reason of like defaults, foreclosed the said second mortgage. Following her foreclosure action she became the purchaser of title on March 31, 1958 and the recipient of a Referee’s deed on April 30, 1958.
*243 The complaint alleges that a clause in the mortgage permitted acceleration of the principal amount when default had been made in payment of principal and interest for 15 days; further, that in the event of other types of default, such as in payment of taxes, water charges, insurance, acceleration could be made only after written demand was made. It is sufficient to say at this point that this was the type of mortgage described in section 254 of the Real Property Law. The complaint alleges that the defendants did not pay the installment of principal and interest which became due on March 23, 1958 in the sum of $83.27 and the principal and interest in like amount which became due on April 23, 1958. The complaint further alleges nonpayment of the sum of $153 which became a lien on April 1, 1958 for nonpayment of real estate taxes; that further, default was made in the payment of water charges from October 11,1955 to November 20, 1957 in a total sum of $136.20. The complaint further alleges that the plaintiffs have elected to declare the entire mortgage due and payable.
The defendant opposes this application and moves for summary judgment in her favor, claiming firstly that there was no default in the payment of principal and interest because the plaintiffs had in their possession a sum of money by reason of an assignment of rent which was of sufficient amount to pay the sums in default.
It is undeniably clear from the affidavits that the plaintiffs have in their possession the sum of $166.45 received from the tenant under the assignment of rents. It is likewise clear that on May 1, 1958 when the lis pendens was filed there was a total of $372.47 in default in the payment of principal and interest, taxes, water charges and other items. It is significant, too, that the assignment of rent specifically provided that it was not to prejudice the rights of the mortgagees to commence foreclosure if the mortgagor continued to remain in arrears. That such arrears continued and were replaced by other arrears is clear, too.
The defendant contends that pursuant to section 254 of the Real Property Law the plaintiffs had not made an election to declare the entire principal due. That such election was made is abundantly clear from the letter of April 30, 1958 and from the fact that the lis pendens was filed on May 1, 1958 at a time when all the defaults still existed. It is true that the only default upon which the election could be made was with respect to the default in payment of principal and interest. There is such default existing. Such default existed as of May 1 ,1958. It is true that following the filing of the lis pendens the defend *244 ant Grossman paid the arrears in taxes and water charges. But the arrears in principal and interest were not paid on that day. It is .abundantly clear that as of the time of the filing of the Us pendens there was insufficient money in the hands of the escrowee to pay the amounts in default. ■ For how long were these plaintiffs required to continue permitting additional defaults 1
The substantial difficulties between Yetta Grossman and the plaintiffs arose out of the fact that the former had contracted to deliver title to the premises to another on May 1, 1958. At that time the defaults did exist. She had open to her the following course: either to pay the mortgage and interest before delivery of title to her purchaser or to deposit such amount with the title company for that purpose, so as to insure delivery by her of a title free and clear from all infirmities.
The plaintiffs say that the defendant’s son called them on the telephone on May 8, 1958 and offered to buy the mortgage at a discount. Such offer was refused; whereupon the son said to the plaintiffs that unless he could buy it at a discount he would deposit the amount with the title company.
It appears to me that the defendant played her game too closely, in guessing at the probability that the plaintiffs would not foreclose the mortgage by electing to declare the entire principal due. Apparently she relied upon the fact that the prospective purchaser would either take the property subject to the mortgage or that she could deposit the money with the title company. There was admittedly a default in payment of installment and interest as of May 1, 1958. Under these circumstances, I find that the answer is sham and frivolous and without any meritorious basis. She is now complaining about a foreclosure based upon similar defaults when she herself foreclosed her second mortgage. If she anticipated selling her property she should have remedied the defaults. She chose not. to. Under the circumstances, her motion for summary judgment must be denied and the answer stricken out and summary judgment directed in favor of the plaintiffs.
Settle judgment on notice.